IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| ARS SPECIALTY CONTRACTORS, LLC d/b/a GARREN CONSTRUCTION; GAVIN INVESTMENTS, LLC; and ELIZABETH YETMAN CHAVEZ, | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR INDEMNITY, EQUITABLE, AND OTHER RELIEF**

Plaintiff Great American Insurance Company ("**Great American**") files its Original Complaint for Indemnity, Equitable, and Other Relief (the "**Complaint**") against Defendants ARS Specialty Contractors, LLC d/b/a Garren Construction, Gavin Investments, LLC, and Elizabeth Yetman Chavez (collectively, "**Defendants**" or "**Indemnitors**").

## I.    PARTIES

1.    Great American is an Ohio corporation with its principal place of business located in Cincinnati, Ohio. Great American is duly qualified and authorized to transact business within the State of Texas.

2.    Defendant ARS Specialty Contractors, LLC d/b/a Garren Construction ("**Garren**") is a Texas limited liability company consisting of one (1) member, Elizabeth Yetman Chavez, with its principal place of business located at 307 Lombrano Street, San Antonio, Texas 78207. Garren may be served with process through its registered agent, Elizabeth Yetman Chavez, at 9734 Mid Walk Drive, San Antonio, Texas 78230.

3. Defendant Gavin Investments, LLC ("**Gavin**") is a Texas limited liability company consisting of one (1) member, Elizabeth Yetman Chavez, with its principal place of business located at 307 Lombrano Street, San Antonio, Texas 78207. Garren may be served with process through its registered agent, Elizabeth Yetman Chavez, at 9734 Mid Walk Drive, San Antonio, Texas 78230.

4. Defendant Elizabeth Yetman Chavez ("**Elizabeth Yetman Chavez**"), an individual, is a citizen and resident of the State of Texas, who may be served with process at 9734 Mid Walk Drive, San Antonio, Texas 78230 or wherever she may be found.

## II.   JURISDICTION AND VENUE

5. This Court possesses original jurisdiction over Great American's claims under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

6. This Court possesses the power to declare the respective rights and other legal relations of the parties as requested herein under 28 U.S.C. § 2201(a).

7. This Court possesses the power to grant the injunctive relief requested herein under Rule 65 of the Federal Rules of Civil Procedure.

8. Venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division, under 28 U.S.C. § 124(b)(6) and 28 U.S.C. § 1391(b)(1) because one or more of the Defendants resides in the Southern District of Texas, Corpus Christi Division, and all of the Defendants are residents/citizens of the State of Texas.

## III.   FACTUAL BACKGROUND

A. **THE AGREEMENT OF INDEMNITY**

9. On or about April 8, 2019, Elizabeth Yetman Chavez, individually and on behalf

of both Garren and Gavin, executed an Agreement of Indemnity (the "**Indemnity Agreement**") in favor of Great American. The Indemnity Agreement is attached hereto as **Exhibit A** and is fully incorporated herein by reference.

    10.    Pursuant Paragraph SECOND of the Indemnity Agreement:

> [Indemnitors], jointly and severally, shall exonerate, indemnify, hold harmless and keep [Great American] indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which [Great American] may sustain and incur: (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of [Indemnitors], (2) By reason of the failure of [Indemnitors] to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to [Great American] by [Indemnitors], upon demand by [Great American], as soon as liability exists or is asserted against [Great American], whether or not [Great American] shall have made any payment therefor. The amount of such payment to [Great American] by [Indemnitors] shall be determined by [Great American] and [Great American's] demand for payment hereunder may, at [Great American's] option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with [Great American] by or on behalf of [Indemnitors]. [Great American] shall have no obligation to invest or to provide a return on the payment or any other collateral deposited with [Great American]. [Indemnitors] shall be entitled to the refund of any unused portion of the payment upon termination of the liability of [Great American] on all Bonds and the performance by [Indemnitors] of all obligations to [Great American] under the terms of this Agreement. [Great American's] demand shall be sufficient if sent by registered or certified mail, by facsimile transmission, or by personal service to [Indemnitors] at the addresses stated herein, or at the addresses of [Indemnitors] last known to [Great American], regardless of whether such demand is actually received.[1]

---

[1] **Exhibit A**, p. 1, ¶ SECOND.

11. Paragraph SECOND further provides:

> [Indemnitors] acknowledge that the failure of the [Indemnitors] to deposit with [Great American], immediately upon demand, the sum demanded by [Great American] as payment shall cause irreparable harm to [Great American] for which [Great American] has no adequate remedy at law. [Indemnitors] agree that [Great American] shall be entitled to injunctive relief for specific performance of any or all of the obligations of [Indemnitors] under this Agreement including the obligation to pay to [Great American] the sum demanded and hereby waive any claims or defenses to the contrary. In the event of any payment of any kind by [Great American], [Indemnitors] further agree that in any accounting between [Great American] and [Indemnitors], [Great American] shall be entitled to charge for any and all disbursements made by [Great American] in good faith in and about the matters herein contemplated by this Agreement under the belief that [Great American] is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient for [Great American] to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers, invoices, and affidavit or other evidence of any such payments made by [Great American] shall be prima facie evidence of the fact and amount of [Indemnitors'] liability to [Great American]. * * *[2]

12. With respect to Indemnitors' obligation to collateralize Great American, Indemnitors also agreed to

> assign, transfer and set over to [Great American], as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of [Indemnitors] to [Great American], whether heretofore or hereafter incurred, the assignment to become effective retroactive to the date of the first Bond, but only in the event of (1) any abandonment, forfeiture or breach or alleged breach of any contracts referred to in the Bonds or of any breach or alleged breach of any Bonds; or (2) any breach or alleged breach of the provisions of any of the paragraphs of this Agreement; or (3) a default or alleged default in discharging such other indebtedness or liabilities when due * * *:

---

[2] *Id.*

**PLAINTIFF'S ORIGINAL COMPLAINT**  Page 4

> (a) All the rights of [Indemnitors] in, and growing in any manner out of the Bonds or any contracts referred to in the Bonds; * * *[3]

13. Paragraph FOURTH of the Indemnity Agreement also imposes a trust on Bonded contract funds as follows:

> [Indemnitors] covenant and agree that all funds received by them, or due or to become due under any contract covered by any Bond are trust funds whether in the possession of [Indemnitors] or another, for the benefit of all parties to whom [Indemnitors] incur[] obligations in the performance of the contract covered by the Bond(s) and/or for the benefit of, payment to or reimbursement of [Great American] for any liability, loss or expense [Great American] may incur under the Bond(s) or in enforcing this Agreement. If [Great American] discharges any such obligation, [Great American] shall be entitled to assert the claims of any such party to the trust funds. * * *[4]

14. Indemnitors also agreed to provide Great American free access to Indemnitors' books, records, and other documents or information:

> At any time, and until such time as the liability of [Great American] under any and all Bonds is terminated, [Great American] shall have the right to examine and copy the books, records, and accounts of [Indemnitors], and any bank depository, materialman, supply house, or other person, firm or corporation, when requested by [Great American], is hereby authorized and directed by [Indemnitors] to furnish [Great American] with any information requested including, but not limited to, the status of the work under contracts being performed by [Indemnitors], the condition of the performance of such contracts and payments of accounts. [Indemnitors] agree to provide any additional releases, requests, waivers or any other documents required in order to allow [Great American] access to the requested information.[5]

---

[3] *Id.* at p. 2, ¶ THIRD.
[4] *Id.* at p. 2, ¶ FOURTH.
[5] *Id.* at p. 3, ¶ TENTH.

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

B.  **GREAT AMERICAN'S ANTICIPATED LOSS**

15. In reliance upon its rights under the Indemnity Agreement, Great American issued construction surety bonds on behalf of and/or at the request of Garren for five (5) federal government projects in the State of Texas (the "**Bonded Projects**"). Great American, as surety, issued Bond Nos. CA 6191830, CA 6191832, CA 6191836, CA 6191837, and CA 6191838 (the "**Bonds**") on behalf of Garren, as principal, in favor of the United States Customs and Border Protection, as obligee. True and correct copies of the Bonds are attached hereto as **Exhibit B** and are fully incorporated herein by reference.

16. In April 2020, Great American began receiving claims for payment under the Bonds from Central Texas Express Metalwork, LLC d/b/a Express Contracting ("**Express**") in connection with Bonded Projects. Express sought payment for work it performed and/or materials it delivered to the Bonded Projects.

17. On or about June 2, 2020, Express initiated an arbitration proceeding in the American Arbitration Association against Garren, Great American, and Does 1-10 (the "**Arbitration Action**").

18. On or about July 28, 2020, Express filed suit against Elizabeth Yetman Chavez, Ramiro Chavez, and Great American in the United States District Court for the Southern District of Texas, Corpus Christi Division, along with a motion to abate and/or stay the federal lawsuit and compel the named defendants to participate in Express's previously-filed Arbitration Action.[6]

19. Express has alleged that it entered into ten (10) subcontract agreements (the "**Subcontracts**") with Garren. Five (5) of those Subcontracts were covered by the Bonds (the

---

[6] The Court struck Express's motion to abate and/or stay, and Express filed its Second Motion to Abate and/or Stay on October 23, 2020.

"**Bonded Subcontracts**"). Express has alleged that it performed its obligations under the Subcontracts, including under Bonded Subcontracts, during the period of February 2020 through August 2020 but that Garren failed to pay Express for its work during that period. Express alleges that Garren owes it $795,837.24 under the Bonded Subcontracts.

20. On October 2, 2020, based upon Great American's evaluation of Express's claims, Great American sent a demand letter to Indemnitors pursuant to Great American's rights under the Indemnity Agreement, demanding "payment from Indemnitors at this time in the amount of $840,000.00 as collateral to indemnify [Great American] against loss and anticipated loss arising out of the Claims." A true and correct copy of the letter dated October 2, 2020 is attached hereto as **Exhibit C** and is fully incorporated herein by reference.

21. Indemnitors failed and/or refused to respond to the October 2, 2020 collateral demand of Great American by the October 16, 2020 deadline imposed by Great American. Because Indemnitors refuse to post collateral security, Great American will face imminent harm, irreparable injury, and will have no adequate remedy at law with respect to reimbursement for its losses under the Bonds.

## IV.   CLAIMS FOR RELIEF

### A.   BREACH OF INDEMNITY AGREEMENT

22. Great American hereby restates the averments contained in the foregoing Paragraphs of the Complaint as if fully set forth herein.

23. Indemnitors executed the Indemnity Agreement, whereby they, jointly and severally, agreed to indemnify Great American against any liability or loss in connection with the Bonds.

24. Indemnitors have failed to make payment or otherwise indemnify Great American for its losses under the terms of the Indemnity Agreement, which constitutes a breach of the Indemnity Agreement.

25. As a direct and proximate result of the Indemnitors' breach of the Indemnity Agreement, Great American has incurred and will continue to incur losses, costs, and expenses, including attorneys' fees and costs associated with the prosecution of this action.

26. Great American is entitled to the entry of judgment against Indemnitors in an amount sufficient to fully indemnify and hold Great American harmless from and against all loss by the Indemnity Agreement.

B. **SPECIFIC PERFORMANCE OF COLLATERAL OBLIGATIONS OF THE INDEMNITORS**

27. Great American hereby restates the averments contained in the foregoing Paragraphs of the Complaint as if fully set forth herein.

28. Pursuant to the Indemnity Agreement, Indemnitors are obligated to deposit collateral with Great American for Great American to remedy the defaults of Indemnitors under the Indemnity Agreement.

29. Pursuant to the Indemnity Agreement, Great American has demanded that Indemnitors deposit collateral relative to the claims asserted against the Bonds issued by Great American. The minimum amount of collateral currently required by Great American is $840,000.00.

30. Despite Great American's demand, Indemnitors have failed and refused to deposit any collateral with Great American. The failure of Indemnitors to deposit the demanded collateral with Great American constitutes a breach of the Indemnity Agreement.

31. If the requested relief is not granted, Indemnitors may sell, transfer, dispose, lien, secure, or otherwise divert asserts, thereby preventing Great American's access to those assets for discharging Indemnitors' obligations to indemnify Great American.

32. Great American is therefore entitled to the entry of a judgment compelling Indemnitors to specifically perform their duty to deposit collateral with Great American in the minimum amount of $840,000.00.

C. **SPECIFIC PERFORMANCE OF DUTY TO FURNISH BOOKS AND RECORDS**

33. Great American hereby restates the averments contained in the foregoing Paragraphs of the Complaint as if fully set forth herein.

34. Pursuant to the Indemnity Agreement, at any time, and until such time as the liability of Great American under the Bond is terminated, Defendants must provide Great American with reasonable access to the books, records, and accounts of Defendants.

35. Great American is therefore entitled to entry of a judgment compelling Defendants to specifically perform their joint and several obligation to furnish Great American free access to their books, records, and accounts for the purpose of examining and copying them.

D. **EXONERATION**

36. Great American hereby restates the averments contained in the foregoing Paragraphs of the Complaint as if fully set forth herein.

37. Indemnitors are liable to Great American under the Indemnity Agreement for all amounts necessary to exonerate Great American from liability existing and/or asserted against it.

E. **REQUEST FOR PRELIMINARY INJUNCTION**

38. Great American hereby restates the averments contained in the foregoing Paragraphs of the Complaint as if fully set forth herein.

39. Great American hereby requests a Preliminary Injunction (a) ordering Indemnitors to deposit immediately cash collateral in the minimum amount of $840,000.00 with Great American and (b) ordering Indemnitors to provide Great American immediate access to their books, records, accounts, databases, and other documents and information that Great American has a right to access under the Indemnity Agreement (collectively, the "**Records**"). The injunctive relief is necessary to preserve the status quo and to prevent significant, imminent, and irreparable harm to Great American, as Great American will suffer such harm if it does not receive the protection it has a right to receive under the Indemnity Agreement in the form of cash collateral.

40. Great American will also suffer immediate and irreparable injury if Indemnitors are not immediately restrained from destroying and/or hiding the Records, and Indemnitors have a contractual obligation to provide access to the Records. No harm will occur to Indemnitors if this Court orders them to abide by their contractual obligation and provide reasonable access to Great American.

41. Great American will likely prevail on the merits and has no adequate remedy at law. Injunctive relief will not adversely affect the public interest, and Great American is willing to post a bond in the amount the Court deems appropriate.

## V. CONDITIONS PRECEDENT

42. All conditions precedent to recovery by Great American from Indemnitors have occurred or have been performed.

## VI. ATTORNEY FEES

43. Great American hereby restates the averments contained in the foregoing Paragraphs of the Complaint as if fully set forth herein

44.     The Indemnity Agreement entitles Great American to recover its attorneys' fees and costs arising from Indemnitors' breach of the Indemnity Agreement. The above-described acts forced Great American to retain legal counsel to pursue recovery for damages caused by Indemnitors' acts and/or omissions. Accordingly, Great American seeks reimbursement for its reasonable attorneys' fees and costs.

45.     Additionally, and alternatively, Great American is entitled to recovery of its attorneys' fees under Section 38.001 of the Texas Civil Practice & Remedies Code.

## VII.   INTEREST

46.     Great American hereby restates the averments contained in the foregoing Paragraphs of the Complaint as if fully set forth herein.

47.     Great American is also entitled to recover pre-judgment interest under its breach of contract action against Indemnitors at the highest rate allowed by law. Further, if Great American recovers on this action, it is entitled to post-judgment interest at the highest rate allowed by law, from the date of judgment until such judgment is satisfied.

## VIII.  PRAYER

For these reasons, Great American prays for the following relief:

a.  For the issuance of process requiring each Defendant to answer Great American's Complaint for Indemnity, Equitable, and Other Relief;

b.  For the entry of a judgment compelling Indemnitors to specifically perform their obligation to deposit collateral with Great American in the minimum amount of $840,000.00, which is the amount as determined by Great American sufficient to discharge any loss;

c.  For entry of a preliminary injunction and permanent injunction for the following relief: (i) that Indemnitors be required to specifically perform their obligation to deposit cash collateral with Great American in the minimum amount of $840,000.00; and (ii) that Indemnitors provide Great American with immediate access to the Records;

d. For the entry of judgment against Indemnitors in an amount sufficient to fully exonerate, indemnify, and save Great American harmless from and against all loss as defined by the Indemnity Agreement, which amount will be proven at trial;

e. For the entry of judgment against Indemnitors for Great American's reasonable attorneys' fees and expenses;

f. For the entry of judgment against Indemnitors for all costs of court; and

g. For such further relief, both general and specific, at law or in equity, as may be appropriate in accordance with the nature of this cause, including but not limited to pre-judgment and post-judgment interest.

Respectfully submitted,

*/s/ Mike F. Pipkin*
MIKE F. PIPKIN
State Bar No. 16027020
S.D. Texas Bar No. 14820
JADYN CLEVELAND
State Bar No. 24097508
S.D. Texas Bar No. 3464455

**WEINSTEIN RADCLIFF PIPKIN LLP**
8350 North Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone: 469.629.5300
Facsimile: 214.865.6140
mpipkin@weinrad.com
jcleveland@weinrad.com

**ATTORNEYS FOR PLAINTIFF
GREAT AMERICAN INSURANCE
COMPANY**